IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL L. TRONES,<br><br>      Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE FOR FURTHER CONSIDERATION  AND STRIKING HEARING<br><br>Case No.  2:14-CV-164 BCW<br><br>Magistrate Judge Brooke Wells |

  Plaintiff-appellant Michael Trones seeks review of the decision of the Commissioner of Social Security denying his claim for disability insurance benefits.  The Court set oral argument in this matter for January 29, 2015.[1]  Having considered the parties' memoranda, relevant case law, and the history of this case, the Court **STRIKES** the hearing set for January 29, 2015 and enters the following decision **REMANDING THIS MATTER** for further consideration.

  Mr. Trones claims disability based on degenerative joint disease of the cervical and lumbar spine,[2] chronic impingement of the right shoulder,[3] chronic ankle sprain, carpal tunnel syndrome,[4] left thumb injury that resulted in a fusion, glaucoma, depression and anxiety.[5]  At step two of the required five-step sequential evaluation process for determining disability,[6] the Administrative Law Judge (ALJ) found Mr. Trones had the following severe impairments: (1) degenerative join disease, cervical and lumbar spine; and (2) chronic right ankle sprain.[7]  The

---

[1] Docket no. 20.
[2] Tr. 289.  Tr refers to the transcript of the record in this matter.
[3] Symptoms of impingement typically include difficulty reaching up overhead, weakness of the shoulder muscles and difficulty in using the arm.
[4] Tr. 295.
[5] Tr. 178.
[6] For additional information about the five-step sequential evaluation process used in determining whether a claimant is disabled *see Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).
[7] Tr. 12.

ALJ further found that Plaintiff's depressive disorder was a non-severe impairment because it had a minimal affect on Mr. Trones' ability to perform basic work activities.[8] Next, the ALJ found that Mr. Trones' impairments did not equal a listed impairment either singularly or in combination. The ALJ further found that Plaintiff had the residual functional capacity (RFC) to perform the full range of light work as set forth in 20 CFR 404.1567(b). At step four the ALJ found that Mr. Trones could not perform his past relevant work as a stock clerk, roughneck,[9] cement finisher or a construction supervisor.[10] The ALJ then moved on to consider step five.

At step five of the sequential evaluation process the burden shifts to the Commissioner to show that a plaintiff is able to perform other work available in the national economy.[11] An ALJ can meet this burden of proof in two ways. The first is by relying on the appendix two grids.[12] The second is by relying on a vocational expert's (VE) testimony. In the instant case, the ALJ received testimony from the VE about Plaintiff's prior work, but the ALJ did not pose any hypotheticals to the VE, ask any questions about how Plaintiff's limitations may impact available jobs, or ask any questions about other available work in the national economy.[13] Rather, at step five the ALJ relied solely on the appendix two grids and found that based upon Mr. Trones' RFC, age, education, and experience he was not disabled pursuant to Medical - Vocational Rule 202.14.[14] The undersigned finds the use of the Grids determinative in this action.

---

[8] Tr. 12-13.
[9] A roughneck is a drilling hand that works on oil rigs. The occupation is considered semi-skilled and involves heavy work.
[10] Tr. 18.
[11] *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).
[12] 20 CFR 404.1560(c); 20 CFR pt 404, subp. P, appx. 2.
[13] Tr. 36.
[14] Grid Rule 202.14 directs a finding of not disabled for a person limited to light work who is closely approaching advanced age, is a high school graduate or had more education, and has prior skilled or semi-skilled work with non-transferrable skills. 20 CFR pt. 404, subp. P, appx. 2, Table 1, Rule 202.14.

Plaintiff argues the ALJ erred in relying on the Grids at step five because he had non-exertional limitations.[15]  In response, the Government argues that Plaintiff's assertion regarding the Grids "presumes the ALJ erred by finding he had the residual functional capacity for the full range of light work."[16]  Defendant further asserts that the ALJ's finding is supported by substantial evidence.  The Court is not persuaded by Defendant's arguments.

To apply the grids, an ALJ must first find the following:

1) that the claimant has no significant non-exertional impairment;
2) that the claimant can do the full range of work at a particular residual functional capacity on a daily basis; and
3) that the claimant can perform most of the jobs in the residual functional capacity category.[17]

Pursuant to this test, an ALJ must first determine whether a claimant alleges exertional strength-related impairments, nonexertional impairments, such as pain or mental impairments, or both.[18]  Nonexertional limitations may include "mental impairments, such as the inability to understand, to carry out and remember instructions, and to respond appropriately in a work setting; postural and manipulative disabilities; psychiatric disorders; chronic alcoholism; drug dependence; dizziness; and pain."[19]  Because the grids consider only those impairments that result in exertional limitations they may not be fully applicable "where other, nonexertional impairments are present."[20]  A claimant's placement, therefore, in a particular category depends on his "ability to do physical activities such as walking, standing, lifting, carrying, pushing, pulling, reaching, [and] handling."[21]  The mere presence of a nonexertional impairment does not,

---

[15] Pla brief p. 25-26, docket no. 17.
[16] Answer brief p. 22.
[17] *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).
[18] *See id.* at 1487.
[19] *Williams v. Bowen*, 844 F.2d at 752.  *See also Channel v. Heckler*, 747 F.2d 577, 580 (10th Cir. 1984).
[20] *Heckler*, 747 F.2d at 580.
[21] 20 CFR § 404.1545(b).

however, necessarily automatically preclude reliance on the grids.[22]  Rather, use of the Grids is foreclosed "[t]o the extent that nonexertional impairments further limit the range of jobs available to the claimant."[23]

In this case the ALJ neglected to consider the nonexertional impairments and limitations that may have risen from Plaintiff's back and ankle pain.  The ALJ found Plaintiff to have severe impairments involving both his back and ankle, but there was no specific findings regarding their nonexertional impact on the Plaintiff's RFC.  The ALJ also did not ask the VE about the impact such nonexertional limitations would have upon other jobs available in the national economy.  Perhaps the VE's answer would have been none, but to simply rely on the Grids without taking such nonexertional limitations into account is error because there is no way to determine the extent that such nonexertional impairments possibly limit the range of available jobs.[24]  As a result, the ALJ erred in relying on the Grids to demonstrate that Plaintiff is capable of performing work which is available in the national economy.  The Court therefore remands this matter for the ALJ to specifically consider the impact nonexertional impairments has upon Plaintiff's claim for disability.

---

[22] *Heckler*, 747 F.2d at 582 n.6.
[23] *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983).  *See, e.g., Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir.1983) (per curiam) (approving ALJ's reliance on the grids where substantial evidence supported ALJ's finding that claimant's psychiatric limitations did not significantly limit range of work permitted by exertional limitations); *Odle v. Heckler*, 707 F.2d 439, at 440 (9th Cir.1983) (finding the evidence supported conclusion that nonexertional impairments would not significantly limit claimant's exertional abilities); *Hernandez v. Heckler*, 704 F.2d 857, 862 (5th Cir.1983) (finding that the evidence supported ALJ's determination that nonexertional impairments did not diminish claimant's work capability); *Olsen v. Schweiker*, 703 F.2d 751, 754–55 (3d Cir.1983) (finding the ALJ sufficiently considered evidence of all of claimant's impairments); *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir.1982) (noting that the application of the grids was proper where substantial evidence supported ALJ's finding that claimant's vision impairment would not interfere with sedentary work of which he was capable); *Kirk v. Secretary of Health & Human Services*, 667 F.2d at 524, 536–37 (6th Cir.1981) (finding substantial evidence supported ALJ's conclusion that "claimant's mental impairments did not significantly limit his work capacity.") .
[24] *See Grant*, 699 F.2d at 192.

ORDER

Based upon the foregoing, the Court finds the ALJ erred in relying upon the Grids without fully considering Plaintiff's nonexertional impairments. Thus, the Commissioner's decision is not supported by substantial evidence. This matter is remanded for further proceedings consistent with this decision and the judgment of the Commissioner is REVERSED and REMANDED. The Clerk of Court is directed to enter judgment and close this case.

DATED this 23 January 2015.

Brooke C. Wells
United States Magistrate Judge